IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TERRY GIBSON and                                           PLAINTIFFS
RAQUEL WILLIAMS

V.                                              CAUSE NO. 3:23-cv-521-DPJ-FKB

PENN ENTERTAINMENT, INC.
d/b/a AMERISTAR CASINO                                     DEFENDANTS
VICKSBURG and JOHN DOES 1-5

**COMPLAINT**
(Trial by Jury Requested Per Rule 38 and 39 Fed. R. Civ. P.)

**COMES NOW**, Terry Gibson and Raquel Williams, by and through their counsel of record and bring their complaint for damages against the defendants as follows:

**PARTIES**

1. Plaintiff, Terry Gibson is an adult resident citizen of the State of Mississippi residing at 1189 Busy Bee Road, Lexington, Mississippi 39095.

2. Plaintiff, Raquel Williams is an adult resident citizen of the State of Mississippi residing at 129 Coats Road, Lexington, Mississippi 39095.

3. Defendant Penn National Gaming, Inc., is a non-resident corporation doing business in Mississippi as a gaming casino under the trade name of Ameristar Casino Vicksburg, Mississippi. Penn Entertainment, Inc.'s principal office address is 326 Stoneledge Dr., Pittsburgh, PA 15235. Defendant, Penn Entertainment, Inc., may be served with process upon its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101 Flowood, MS 39232.

1

4. John Does I-V are Defendants whose identities are unknown to the Plaintiff. Said Defendants may individually or collectively be liable to the Plaintiff for damages in this action. If it is determined that any such unknown Defendants were negligent and that said negligence cause or contributed to the injuries of the Plaintiffs, this Complaint will be amended to name them as Defendants.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. Section 1332 as the amount in controversy exceeds the value of $75,000.00 exclusive of costs and is between citizens of different states.

6. The United States District Court for the Southern District of Mississippi, Northern Division is the appropriate court and division embracing the cause of action as the acts and omission occurred in whole or in part in Warren County, Mississippi.

## FACTS

7. Terry Gibson and his companion, Raquel Williams, both patrons of the Ameristar Casino in Vicksburg, Mississippi, on the morning of October 9, 2022 at approximately 1:15 a.m., took the elevator from the Casino to the garage parking area. They exited to the garage elevator lobby, and walked to Mr. Gibson's vehicle. On arrival, they discovered that the automobile next to theirs was on fire. They were directed by a security guard at the scene to return to the Casino.

8. Terry and Raquel, returned to the garage elevator lobby. Two security guards, one white, and the other black, who were at the scene of the fire, also walked back into the elevator lobby. The white security guard got on one of the elevators and took it to the second floor. Terry, Raquel, and the black security guard, remained in the garage elevator lobby. They waited there to see if the fire in the automobile next to theirs would be put out. They observed firemen pulling a

fire hose through the parking area, and then their efforts to put out the fire. Before long, the entire parking area filled with smoke. Terry, Raquel, and the security guard attempted to summon the elevator, only to discover that the elevators had been locked. An exit stairway door had also been locked. The three of them were then trapped in the garage elevator lobby.

9.  The security guard attempted a few times to open the door to the garage, only to be pushed back by the fire and large clouds of bellowing smoke. The smoke eventually filled the garage elevator lobby. In a desperate effort to get help, Terry, on his cell phone, called Paulet Johnson, a casino patron who was known by him to be in the casino. As Terry attempted to explain to Paulet that they were trapped at the garage elevators, Paulet responded that she could not understand him. Paulet then passed her phone to Thomas, a casino employee. Terry told Thomas that they were trapped in the garage elevator lobby. Terry and Raquel waited for a response to their call for help, but none arrived.

10. The Vicksburg Fire Department, at approximately 1:59 AM, was able to extinguish the fire in the garage. Terry and Raquel were then finally able to walk out the garage elevator lobby into the garage area. They were visibly affected by the smoke which had consumed the area they were trapped in for forty-five minutes. They were checked at the scene by first responders. Following the health check at the scene, Terry and Raquel went to the Merit Hospital in Vicksburg, MS. There, they had chest x-rays, and were given steroid shots.

## CAUSE OF ACTION
## NEGLIGENCE

11. As a result of Defendants' negligence, as set forth infra, Plaintiffs suffered serious and painful injuries to their lungs and respiratory system by smoke inhalation over the course of approximately forty-five minutes. The end result being that Defendants were negligent and

indifferent to any possible injury to the Plaintiffs' lungs and respiratory system due to the smoke inhalation.

12. Defendants breached their duty to act and protect Plaintiffs from harm when they knew or should have known of the possibility of harm to the Plaintiffs from the fire and resulting smoke build-up in the garage'S elevator lobby.

13. The fire in Defendants' parking garage produced excessive smoke which seeped and flowed into the garage elevator lobby where Plaintiffs were trapped, unable to exit due to the negligent locking of the elevator and stairway doors by Defendant's employees/agents, thereby injuring Plaintiffs' lungs and respiratory system due to smoke inhalation.

14. The Defendants' employees/agents were aware of the smoke flowing into the elevator lobby and of its health risks to Plaintiffs, but yet failed to act and thereby, breached their duty to protect Plaintiffs from harm by providing a quick and safe evacuation from the garage and elevator lobby.

15. The smoke inhalation resulted in injuries to the Plaintiffs' lungs and respiratory system. Defendants were deliberately indifferent to possible harm to the Plaintiffs due to smoke inhalation, and were negligent when they failed in their duty to act when at a minimum, Defendants had actual knowledge of the impending harm from the smoke to Plaintiffs, which harm was easily preventable so that the conscious disregard and culpable refusal to prevent harm was a failure on Defendants' part to prevent it.

16. Defendants failed in their duty to act when they had actual knowledge of the fire and resulting smoke and harm it posed to Plaintiffs, and that said harm was easily preventable. Defendants' inactions demonstrated a conscious disregard for the safety of the Plaintiffs, and their failure to act harmed Plaintiffs.

17.   Defendants were negligent when they failed in their duty to act, when at a minimum, Defendants had actual knowledge of the impending harm to Plaintiffs caused by continued exposure to smoke during a 45-minute period.

18.   As a direct and proximate result of Defendants' negligence as alleged herein, Plaintiffs were trapped and helpless in Defendants' garage elevator lobby as it filled with smoke; during this time, they endured severe physical pain and mental anguish as the smoke filled their lungs. As a result, Plaintiffs had to seek medical treatment for their injuries.

## BREACH OF DUTY OF REASONABLE CARE

Plaintiffs incorporate and re-allege each of the foregoing paragraphs as though fully set forth herein.

19.   At all times relevant, it was the duty of Defendants to use reasonable care to avoid exposing Plaintiffs to a foreseeable risk of harm.

20.   Defendants had a non-delegable duty to train, supervise, and instruct its employees/agents on the safe evacuation of their customers and invitees from areas of their property that have become hazardous due to changing conditions.

21.   Prior to the subject fire, Defendants should have known, that the shutting down of elevators and locking of stairway doors, would cause customers and invitees to be trapped in a confined area, and thereby be exposed to forced inhalation of smoke.

Defendants breached their duties by among other things:

(a.)   Failing to train, instruct, and direct their employees/agents on the proper and safe way to evacuate customers and invitees to safety during an emergency event such as the fire and smoke incident of October 9, 2022.

(b.) Shutting down elevators and locking stairway doors prior to evacuating invitees, such as Plaintiffs, to a non-hazardous and safe area.

(c.) Failing to warn customer/invitees, such as Plaintiffs, that in the event of a fire, elevator would be shut down, and exit doors locked.

(d.) Failing to develop and implement a policy for the safe evacuation of customers/invitees during hazardous conditions.

(e.) Failing to monitor the environment in which Plaintiffs were trapped, i.e., garage elevator lobby, to allow for quick decisive action to prevent, mitigate, or lessen the effects of Plaintiffs' prolonged exposure to smoke.

(f.) Failing to promptly notify emergency responders such as the Vicksburg, Mississippi Fire Department, to allow for a rapid response to the garage fire by trained professionals.

## GROSS NEGLIGENCE

22. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries for which they are entitled to recover damages.

Plaintiffs incorporate and re-allege each of the foregoing paragraphs as though fully set forth herein.

23. Defendants' failure to take reasonable precautions immediately following receiving notice of the garage fire on October 9, 2022, to protect the health and safety of Plaintiffs, constitutes gross negligence in the form of willful, wanton, and reckless disregard of known risks to the public. Defendants took no precautions to assure the safe evacuation of Plaintiffs from the garage lobby. Such disregard and indifference of the safety of Plaintiffs was willful, wanton, and

reckless by the conscious, knowing, and disdainful nature for the serious risks created by the garage fire on October 9, 2022.

Defendants' conduct evidences a willful, wanton, and reckless disregard of risk, and/or substantial risk of harm to others and the general public as reflected by among other things:

(a.) Failing to evacuate Plaintiffs immediately after Plaintiffs entered the garage elevator lobby.

(b.) Failing to implement and enforce a policy and practice of removing invitees from hazardous conditions as soon as reasonably practicable.

(c.) Taking the garage lobby elevators out of service and locking the stairway lobby door, thereby trapping Plaintiffs in a confined area occupied by bellowing smoke for a period of 45-minutes.

24. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries, for which they are entitled to an award of damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Premises Considered, Plaintiffs respectfully request that this Court enter a judgment against Defendants for all actual, and compensatory damages allowed by law in excess of the jurisdictional limits of this Court and other damages which the Court may deem appropriate including but not limited to pre-judgment interest and attorney fees as may be proper.

This the 10th day of August, 2023.

Respectfully submitted,

**TERRY GIBSON**, PLAINTIFF
**RAQUEL WILLIAMS**, PLAINTIFF

BY: _____
EDWARD BLACKMON, JR., MSB #3354

OF COUNSEL:

BRADFORD J. BLACKMON MSB #104848,
BLACKMON & BLACKMON, PLLC
ATTORNEYS-AT-LAW
907 WEST PEACE STREET
POST OFFICE DRAWER 105
CANTON, MISSISSIPPI 39046-0105
TELEPHONE:  (601) 859-1567
FACSIMILE:  (601) 859-2311